UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ESMELING LOPEZ BAHENA,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 21-cv-02131-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 1, 2, 6 |

**INTRODUCTION**

Esmeling Lopez Bahena, an inmate at the Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 5.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition, dismisses a request to file a late appeal, and grants the *in forma pauperis* application.

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-02131-LB

**STATEMENT**

Mr. Bahena provides the following information in his habeas petition and attachments thereto. Following a jury trial, he was convicted in Santa Clara County Superior Court of one count of first-degree murder, five counts of attempted murder, three counts of shooting at an inhabited dwelling. Sentence enhancement allegations were found true. (ECF No. 1 at 15-16.) On July 11, 2016, he was sentenced to life imprisonment without the possibility of parole. (*Id.* at 1.)

Mr. Bahena appealed. In 2019, the California Court of Appeal affirmed with a sentence modification. In 2020, the California Supreme Court ordered a sentence modification. (*Id.* at 3.)

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus alleges the following claims. First, Mr. Bahena alleges that his right to due process was violated by the admission of text messages for which a proper foundation had not been laid. (ECF No. 1 at 27-29.) Second, he alleges that the imposition of a mandatory life-without-parole sentence for a crime he committed at age 18 amounted to cruel and unusual punishment because it precludes a court from taking into consideration his youthfulness. (*Id.* at 31-37.) Third, he alleges that the life-without-parole sentence violated his right to equal protection because he was treated differently from other young adults convicted of similar first-degree murders who have the opportunity for parole. (*Id.* at 38-42.) Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

At the time he filed his petition, Mr. Bahena also filed a motion to file a late "appeal." (ECF No. 2.) Although he refers to it as an "appeal," Mr. Bahena is requesting an extension of the deadline to file his federal habeas petition. It is too early for him to seek, or for the court to grant, permission to file a late federal habeas petition. Unless respondent moves to dismiss the petition as

barred by the statute of limitations, there is no need for the court to decide whether the petition is late and whether any lateness should be excused. The motion will be dismissed as premature.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall electronically serve a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California. The clerk also shall serve by mail a copy of this order on the petitioner.

3. The respondent must file and serve upon the petitioner, on or before **July 16, 2021,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

4. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **August 27, 2021.**

5. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

6. The petitioner's request to file a late habeas petition is DISMISSED as premature. (ECF No. 2.)

7. The petitioner's application to proceed *in forma pauperis* is GRANTED. (ECF No. 6.)

**IT IS SO ORDERED.**

Dated: April 28, 2021

LAUREL BEELER
United States Magistrate Judge